Davis, J.,
delivered the opinion of the court:
Plaintiff, while register of the land office at Rapid City, S. Dak., rented office rooms, paid the rent, the cost of fuel, and the janitor’s wages; he occupied the rooms in the transaction of Government business. As his accounts for these expenses were not allowed by the Department of the Interior, he now claims $427.69 for this rent, fuel, and janitor service.
There is no question in the case except as to the authority, in law, of the plaintiff to bind the United States for these expenses. It is urged that what is properly done by the agent in the performance of the duty intrusted to him by his principal is a proper charge against the latter (3 Wall., 114), and that the agent is entitled to reimbursement for his reasonable expenses and advances made for the benefit of the principal (Mechem on Agency, sec. 652); hence the plaintiff, finding it necessaiy to rent rooms for Government business (it is argued), should be reimbursed for his expenditure.
Plaintiff’s duties and compensation are all defined in sections 2238, 2295,2325, 2361,2237,2241, Revised Statutes; these statutes fix his compensation .at $500 (per annum) salary, plus “fees and commissions,” $3,000 a year being the maximum, the surplus fees to be paid into the treasury.
It is urged that plaintiff should receive $3,000 per annum if so much be earned by him, and that the compensation should not be diminished by the expenses of his office (citing Swiggett v. The United States, 78 Fed. Rep., 456; and 83 ib., 97); further, that insufficiency or absence of appropriation does not pay the Government’s debts (Semmes v. United States, 26 G. Cls. R., p. 119; W. & P. R. R. Co. v. United States, 27 C. Cls. R., p.494; Ferris v. United States, ib.,p. 542); finally, it is urged that this court decide “where a public officer incurs necessaiy reasonable expenses in the conduct of his official duties intrusted to him by law, there is an implied obligation *172 on the part of the Government to reimburse him for the amount of said expenses, except where the law expressly limits or prohibits the same. ”
The point now under consideration was decided in the Circuit Court of Appeals, ninth circuit, October 4, 1897 (83 Fed. Rep., p. 97, U. S. v. Swiggett), in favor of the plaintiff. From that decision defendants did not see reason to appeal, and the plaintiff therein was paid by the Congress. Under these circumstances we are not now disposed to reopen the question, and judgment will be entered for plaintiff in the sum of $427.69.